IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATRICIA CAMPBELL WELLS; and )
LARRY WELLS ) No. 3-10-0329
 )
v. )
 )
WAL-MART STORES EAST, LP )

MEMORANDUM

Pending before the Court is the plaintiffs' "Motion for Non-Sue" (Docket Entry No. 48), in which they seek a dismissal of this case without prejudice. As grounds, the plaintiffs assert that they have had difficulty finding an attorney to represent them in light of the posture of the case and that Ms. Wells has continued to have medical treatment as a result of the injuries she asserts she incurred from her fall at the defendant's store.

The plaintiffs, through counsel, originally filed this lawsuit on March 31, 2010, seeking damages for injuries sustained by Ms. Wells on May 30, 2009, when she fell at a Wal-Mart Store in Clarksville, Tennessee. Case management orders were entered on May 13, 2010 (Docket Entry Nos. 15-16), and scheduling deadlines were amended by orders entered December 27, 2010, and July 19, 2011 (Docket Entry Nos. 18 and 24).

Upon their motion, counsel for the plaintiffs were allowed to withdraw by order entered September 19, 2011 (Docket Entry No. 28). The plaintiffs were given until October 19, 2011, to obtain substitute counsel or file a notice that they intended to prosecute this case pro se. The plaintiffs timely filed a notice that they were seeking counsel but intended to prosecute the case pro se until they retained a lawyer (Docket Entry No. 32). By order entered November 28, 2011 (Docket Entry No. 34), the Court granted "with some reluctance" the plaintiffs' motion filed on November 17, 2011, in which it appeared that the plaintiffs requested that the deposition of Mr. Wells scheduled on December 2, 2011, be rescheduled, noting that the plaintiffs had had "ample time to obtain new counsel." By that order, a status conference was also scheduled on December 8, 2011, at which

time the plaintiffs appeared pro se and counsel for the defendant appeared. As reflected in the order entered December 12, 2011 (Docket Entry No. 38), the plaintiffs were directed to serve responses to outstanding written discovery and supplementation to their previous responses, and Mr. Wells' deposition was rescheduled to January 9, 2012. No other deadlines were extended.

Although the plaintiffs have now had more than ample time to obtain another attorney, they report that they "have been told [presumably by potential lawyers] that this case is too far into for them to help [the plaintiffs]." Docket Entry No. 50, at 2. The plaintiffs also indicate that Ms. Wells may need surgery and she is "seeking advice" about whether she should have the surgery. Id. In a recent filing, Ms. Wells represents that she is "waiting for a sugery (sic) date in June 2012 to repair (hopefully) the discs (3) in [her] lower back." Docket Entry No. 51.

The Court assumes that the plaintiffs believe that, if the case were dismissed without prejudice, an attorney might be more willing to assume their representation and Ms. Wells would have sufficient time to complete any additional medical treatment.

The defendant opposes the motion to dismiss without prejudice, because, inter alia, the defendants have completed its fact discovery, including the depositions of both plaintiffs, and additional time and expense for discovery and trial preparation would be required if a second case were filed. The defendant also noted that it has filed a motion to dismiss certain of plaintiffs' claims. See Docket Entry No. 49, at 3 n.1. In fact, the defendant filed a five page motion in limine (Docket Entry No. 42), seeking to preclude the plaintiffs from presenting any medical evidence at trial because they did not comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure,[1] although granting the motion would be tantamount to dismissing some of the plaintiffs' claims.

The controlling Sixth Circuit law provides that it is "[g]enerally" an abuse of discretion to deny a motion to dismiss without prejudice unless the defendant will "suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to the mere prospect of a second lawsuit."

---

[1] The defendant refers both to Rule 26(a)(2)(B) and Rule 26(a)(1)(C) in its motion in limine. It may be that the defendant intended to refer to Rule 26(a)(2)(B) and Rule 26(a)(2)(C) inasmuch as Rule 26(a)(1)(C) addresses the timing of initial disclosures, which does not appear to be an issue.

Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009); Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Wise v. Williams, 2012 WL 1969855, *1 (M.D. Tenn. June 1, 2012). To determine if there has been "plain legal prejudice," the Court must consider the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the plaintiffs' part, any insufficient explanation for seeking a dismissal, and whether a motion for summary judgment has been filed by the defendant. Bridgeport, supra.

Counsel was permitted to withdraw on September 19, 2011. However, the plaintiffs were aware of their attorneys' intent to seek to withdraw on August 23, 2012. See Docket Entry No. 27-1. The plaintiffs gave no indication they intended to move to dismiss without prejudice when they appeared for the status conference on December 8, 2011.

The defendant filed an answer, presumably served initial disclosures in accord with Rule 26(a)(1) of the Federal Rules of Civil Procedure, filed a stock motion and proposed order for release of the plaintiff's medical and employment records, prepared a stipulation to substitute the correct defendant, participated in the formulation of a three page proposed initial case management order, and served written discovery on the plaintiffs, and defendant's counsel attended the initial case management conference and a further case management conference, participated in a telephone conference with counsel and the Court, and took Ms. Wells' deposition while the plaintiffs were represented by counsel. After plaintiffs' counsel withdrew, defendant's counsel attended a status conference, took Mr. Wells' deposition, filed motions in limine, and responded to the plaintiffs' filings. It is not clear to the Court whether any other discovery was conducted.[2]

Although the defendant has not engaged in an extraordinary amount of pretrial preparation, it has engaged in substantially more pretrial preparation than in the case of Lowe v. Wal-Mart Stores

---

[2] Through counsel, the plaintiffs filed a notice of their expert's deposition (Docket Entry No. 19), and Ms. Wells indicated that she had an appointment with Dr. Gaw on April 30, 2012, "for his deposition." Docket Entry No. 46. However, the defendant represented that the plaintiffs have not taken any depositions of expert witnesses or treating physicians. Docket Entry No. 42, at 3.

East, LP, 3-11-CV-233 (E.D. Tenn. Oct. 24, 2011).[3] In Lowe, the defendant had filed pro hac vice motions, a motion to substitute counsel, and an answer. In a case strikingly similar to this case, the Court properly found unavailing the defendant's argument that the motion to voluntarily dismiss without prejudice should be denied because it would cost the defendant "time and expense to keep the file open another year on a claim with no merit."

Citing Oxford v. Williams Cos., Inc., 154 F. Supp.2d 942, 951-52 (E.D. Tex. 2001), the Lowe Court addressed factors to be considered, including whether the lawsuit is still in the pretrial stages, whether the parties have filed "numerous pleadings and memoranda," whether prior court determinations were adverse to the plaintiffs, whether hearings have been held, whether any defendants have been dismissed on summary judgment, and whether the parties have undertaken significant discovery.

The Lowe Factors

There have not been "numerous pleadings and memoranda" filed. No determinations adverse to the plaintiffs have been made. Although proceedings have been held, those proceedings include the initial case management conference and other proceedings to address scheduling issues, not any substantive issues in the case. No defendants have been dismissed on summary judgment. While the defendant has engaged in some discovery, the parties have not undertaken "significant" discovery.

The Bridgeport/Grover Factors

Again, no motion for summary judgment has been filed. The defendant has expended some effort and expense, but it does not appear that depositions of medical providers or experts have been

---

[3] The defendant attached a copy of the Report and Recommendation entered by the Magistrate Judge on October 24, 2011, to its response in opposition to the plaintiffs' motion. See Docket Entry No. 49-1. The Report and Recommendation was affirmed by the District Judge on November 18, 2011 (Docket Entry No. 19 in Case 3-11-CV-233).

4

taken, nor does it appear that the defendant has disclosed any experts.[4] The plaintiffs have appeared for their depositions and Mr. Wells has appeared for his deposition after counsel withdrew, and the Court assumes that the plaintiffs responded to the defendant's written discovery as directed by the Court at the December 8, 2011, status conference and as reflected in the order entered December 12, 2011 (Docket Entry No. 38).

The plaintiffs have clearly delayed in obtaining substitute counsel. They have explained that, although they have been seeking substitute counsel, "no attorney wants to take one coming behind another attorney this late in the case." Docket Entry No. 48. Although the plaintiffs have not detailed with specificity their efforts to obtain counsel, the Court cannot find that they have lacked diligence in that effort. The Court notes that it was not nearly as "late in the case" in August of 2011, when the plaintiffs first became aware that their previous counsel intended to withdraw. However, their proffered explanation for being unable to obtain counsel is not implausible. In addition, Ms. Wells has indicated that perhaps she has not yet reached maximum medical improvement or at least has not completed medical treatment for injuries that she attributes to her fall. See Docket Entry Nos. 48 and 51.

Theoretically, whether the plaintiffs are able to obtain counsel does not mean they cannot prosecute their lawsuit. In reality, however, it is clear that the pro se plaintiffs have little understanding of what proof they must advance at trial and what proof they will be permitted to introduce. For instance, as the case now stands, much of what the plaintiffs propose to introduce at trial relating to Ms. Wells' medical treatment and her medical bills will likely be excluded under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

The circumstances of this case present a very close question. While more time has elapsed and the defendant has engaged in significantly more trial preparation than the defendant in Lowe,

---

[4] The defendant has not specified the amount of attorney's fees already incurred by counsel in defending this case nor is there any specific indication of the amount of hours defendant's counsel has expended.

5

pretrial preparation pales in contrast to the circumstances in Grover, in which the litigation had proceeded for years and the trial court had certified a controlling question to the Ohio Supreme Court, which had ruled adversely to the plaintiffs, and the circumstances in Bridgeport, in which the Court of Appeals affirmed the dismissal without prejudice. The factors that the Court must consider do not all weigh heavily in the defendant's favor and the Court cannot find that the defendant would suffer plain legal prejudice if the plaintiffs are permitted to dismiss this case without prejudice.

The defendant did not request that any conditions be imposed on the plaintiffs in the event that their request for dismissal without prejudice were granted, nor will the Court impose any conditions on the dismissal, except that, at the defendant's option, any discovery taken in this case by the defendant can be used in any subsequent case filed by the plaintiffs.

An appropriate order will enter.

*Juliet Griffin*
JULIET GRIFFIN
United States Magistrate Judge